UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE ) | Bankruptcy Case |
| ) | No. 09-64432-fra7 |
| MATTHEW KENNEDY, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| MILDRED L. SCHOOR, ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding |
| vs. ) | No. 10-6029-fra |
| ) | |
| CAL-WESTERN RECONVEYANCE CORP, and ) | |
| CITIMORTGAGE, INC., ) | MEMORANDUM OPINION |
| Defendants. ) | |

This adversary proceeding, originally filed in Marion County Circuit Court and removed to bankruptcy court by Defendant CitiMortgage, Inc., was filed by Plaintiff seeking a declaratory judgment that her leasehold interest in real property has priority over Defendants' interest in a deed of trust on the same property. Plaintiff filed a motion for summary judgment and the matter was taken under advisement after a hearing on December 21, 2010. For the reasons that follow, Plaintiff's motion for summary judgment will be granted.

### SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is

Page 1 - MEMORANDUM OPINION

entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a factfinder might return a verdict in its favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986). Bankruptcy Rule 7056, which incorporates Federal Rule of Civil Procedure 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial. Absent such response, summary judgment shall be granted if appropriate. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326-27 (1986).

## FACTS AND BACKGROUND

A. The Complaint

The complaint states that Mildred Schoor, the Plaintiff, is an 85 year old woman who is disabled and lives alone in a residence (the Property) in Hubbard, Oregon. The Plaintiff owned the property free of encumbrances when she was approached in 2005 by the Debtor Matthew Kennedy, a realtor with RE/MAX Equity Group, who offered to purchase the Property. Even though the Property was valued at the time at over $300,000, Mr. Kennedy offered to buy it for $132,000. His offer included the grant of a lifetime lease in favor of Ms. Schoor. The terms of the lease included the payment of no rent for the first five years and, thereafter, rent would be $500 per month. The transaction closed on those terms on March 17, 2005. Ms. Schoor has continued to live in the Property until the present time.

On April 26, 2007, Mr. Kennedy pledged the Property as security for a loan from Northwest Mortgage Group, Inc. in the amount of $225,000. The loan was secured by a deed of trust (the Trust Deed)

Page 2 -    MEMORANDUM OPINION

which named Ticor Title Company as trustee and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary. On November 5, 2009, MERS assigned its beneficial interest in the Trust Deed to Defendant CitiMortgage, Inc., and also filed a Substitution of Trustee, naming Defendant Cal-Western Reconveyance Corp. as Trustee.

Mr. Kennedy defaulted under the terms of the Trust Deed and the Trustee, on behalf of the beneficiary, instituted a non-judicial foreclosure of the property through advertisement and sale. Mr. Kennedy's bankruptcy filing on August 18, 2009 necessitated the cancellation of the foreclosure sale pursuant to 11 U.S.C. § 362[1]. Relief from the automatic stay was thereafter obtained by Defendants. Plaintiff seeks a judgment from the court declaring that her lifetime lease has priority over the Trust Deed interest held by Defendants.

B. Motion for Summary Judgment

Plaintiff has submitted the following material documents:

1. The Rental Agreement between Ms. Schoor and Mr. Kennedy dated March 3, 2005 and signed by both parties. It provides for an initial five-year term beginning March 9, 2005 with no rent required and at ¶ 28 the provision: " After year 5 agreement continues at $500/month indefinitely."

2. The Residential Real Estate Agreement between Ms. Schoor and Mr. Kennedy, dated and executed on February 8, 2005 and showing a gross sale price of $133,000.

3. An Addendum to Real Estate Sale Agreement executed by Ms. Schoor and Mr. Kennedy on February 8, 2005. The Addendum describes the terms of the lease between Ms. Schoor and Mr. Kennedy and provides that "[a] life estate shall be recorded on the deed to protect the occupancy of Ms. Schoor." It also states that

---

[1] Any statutory reference made herein, unless otherwise specified, refers to the Bankruptcy Code, 11 U.S.C. § 101 et seq.

Page 3 - MEMORANDUM OPINION

[t]he life estate granted is only for occupancy by Ms. Schoor for as long as she is able to live in the property."

4. A second Addendum to Real Estate Sale Agreement executed February 8, 2005 which recites that "Seller [Ms. Schoor] has opted not to have an attorney review this contract, although purchaser has advised such review. . . ."

5. A third Addendum to Real Estate Sale Agreement executed by Ms. Schoor and Mr. Kennedy on March 3, 2005. This Addendum provides that Ms. Schoor will lease the property as provided in the first addendum, but that no life estate will be granted, as it would conflict with the terms of the lease. As indicated above, the lease itself was executed on March 3, 2005.

6. The Deed of Trust between Mr. Kennedy and Northwest Mortgage Group, Inc. indicating that the Trust Deed secures a promissory note in the amount of $225,000. A "Family Rider (Assignment of Rents)" is attached to the Trust Deed and separately executed by Mr. Kennedy. The Rider provides at ¶ F that Section 6 of the Trust Deed (requiring the borrower to reside on the property) is deleted and assigns to the lender as collateral the rents received from the property.

7. Attached to the Plaintiff's Concise Statement of Facts are declarations by Norman Hill, attorney for Plaintiff, and by Mr. Kennedy and Ms. Schoor. Mr. Kennedy states in his declaration that Ms. Schoor has occupied the Property continuously and openly and conspicuously at all times to the present. He states that when he obtained the loan from Northwest Mortgage Group he advised the lender that he did not personally occupy the property and that the lender required that he execute an Assignment of Rents as a condition of the loan. Ms. Schoor recites that she is 86 years old and has openly and conspicuously occupied the Property her entire life and has continued to do so through the present day. Prior to March 17, 2005, she owned the property free and clear of any monetary encumbrances. She states that she would not have entered into a

Page 4 - MEMORANDUM OPINION

sale agreement with Mr. Kennedy had he not promised that he would honor a lifetime lease with her for as long as she was able to live on her own. She also recites that terms of the lease agreement as previously described.

8. A Statutory Warranty Deed from Ms. Schoor dated March 9, 2005 and executed by Ms. Schoor on March 17, 2009, conveying her fee interest in the Property to Mr. Kennedy.

9. An Occupancy and Financial Status Affidavit prepared as part of the Mr. Kennedy's loan in which he discloses that the property will be held as an investment property and that he did not at that time occupy the Property nor intend to occupy the property in the future.

10. A Title Report prepared by Ticor Title which excepts from the issuer's policy those "Facts, rights, interests or claims which are not shown by the Public Records but which could be ascertained by an inspection of the Land or by making inquiry of persons in possession thereof."

C. Defendants' Response

Defendants admit that Mr. Kennedy disclosed to the lender that the Property was an investment property and that there was a tenant who had negotiated an arrangement with Mr. Kennedy, and admit that the Deed of Trust had a provision "included within all Deeds of Trust allowing the beneficiary to receive payment of rents, but denies that such provision was specifically drafted for this particular transaction."

Defendants submit one additional material fact, from several submitted, that bear on their primary argument in defense: Ms. Schoor executed a Statutory Warranty Deed conveying the Property and warranting that the Property was free and clear of encumbrances, except for those that appeared of record. Defendants argue that this warranty estops Ms. Schoor from asserting her interest in a lifetime lease.

// // //

// // //

Page 5 -   MEMORANDUM OPINION

DISCUSSION

A bona fide purchaser for value without notice (BFP) is an affirmative defense which must be pleaded, thereby placing the burden of proof in such cases upon the party relying thereon. Stevens v. American Savings Institution, Inc., 43 Or.App. 191, 195, 602 P.2d 669, 671 (1979). The BFP rule applies to lenders as well as purchasers. Akins v. Vermast, 150 Or.App. 236, 242, 945 P.2d 640 (1997). "Generally, a [BFP] is not affected by the transferor's fraud against a third party and has a superior right to the transferred property as against the transferor's creditor to the extent of the consideration the purchaser has paid." Black's Law Dictionary 1271 (8th ed. 2004). In other words, if Defendant CitiMortgage has BFP status, its interest in the Property has priority over Plaintiff's pre-existing unrecorded leasehold interest. The court in Stevens held that the consequence of the failure of a purchaser from grantor's grantee to make a reasonably diligent inquiry as to who had actual possession of the premises combined with the fact that the grantor of the deed retained possession of such premises was to charge the purchaser with constructive notice of grantor's interest in the property purchased. Failure to make a reasonably diligent inquiry vitiated purchaser's claim to be a BFP.

In Webb v. Stewart, 255 Or. 523, 536, 469 F.2d 609, 615 (1970), the Oregon Supreme Court adopted the rule that "grantor's continued possession after the execution of a deed by him puts third persons upon inquiry as to the grantor's interest." The court also held that "[i]t is established that the possession of persons other than the grantor will put a purchaser upon inquiry as to the possessor's interest." Id. The court felt there was no justification for distinguishing between possession by a stranger and by the grantor after delivery of his deed.

In Hooker v. Dunster, 74 Or.App. 636, 704 P.2d 515 (1985), the plaintiff deeded her residential property to the defendant Dunster. Dunster falsely told plaintiff that he had destroyed the deed. Instead, he approached defendant Transamerica with the deed and a title report showing him as sole owner and obtained a loan against the property. The court held that Transamerica was under inquiry notice of grantor/plaintiff's continued possession of the property. Grantor/plaintiff's continued possession of the property warranted the imposition on Transamerica of a duty to inquire as to the nature of the interest claimed. Failure to do so

Page 6 - MEMORANDUM OPINION

meant that Transamerica could not claim the status of a BFP and its right in the property was inferior to that of the grantor.

In the present case, CitiMortgage's predecessor in interest, Northwest Mortgage Group, knew at the time it granted the loan to Mr. Kennedy that he was not in possession of the property himself and that the property was in the possession of a tenant who had negotiated an arrangement with Mr. Kennedy. Pursuant to the caselaw cited above, Northwest Mortgage Group was put on inquiry notice of Ms. Schoor's continued possession of the property and had a duty to inquire as to the nature of the interest claimed by Ms. Schoor. Had it done so, it would have learned of the lifetime lease. Having failed to do so, Defendant is charged with constructive notice of Ms. Schoor's prior interest and cannot now claim the status of a BFP with respect to Ms. Schoor's interest in the property.

Defendants do not appear to dispute the material facts leading to the conclusion that Defendant is charged with constructive notice of Ms. Schoor's prior interest in the property. They argue, however, that the statutory warranty deed she executed on March 17, 2005 in conveying her property to Mr. Kennedy estops her from asserting her interest in the Property.

The effect of a statutory warranty deed under Oregon law is found at ORS 93.850 (2009):

(2) A deed in the form of subsection (1) of this section shall have the following effect:

(a) It shall convey the entire interest in the described property at the date of the deed which the deed purports to convey.

(b) The grantor, the heirs, successors and assigns of the grantor, shall be forever estopped from asserting that the grantor had, at the date of the deed, an estate or interest in the land less than that estate or interest which the deed purported to convey and the deed shall pass any and all after acquired title.

(c) It shall include the following covenants, each of which shall run in favor of the grantee and the successors of the grantee as if written in the deed:
* * *
(B) That at the of the delivery of the deed the property is free from encumbrances except as specifically set forth in the deed.

(C) That the grantor warrants and will defend the title to the property against all persons who may lawfully claim the same.

(3) If the grantor desires to exclude any encumbrances or other interests from the scope of the covenants of the grantor, such exclusions must be expressly set forth on the deed.

Page 7 - MEMORANDUM OPINION

Defendants argue that the failure by Ms. Schoor to specifically exclude her leasehold interest in the Property from her warranty of title forever estopped her from denying "that she had conveyed less than her full interest."

ORS 93.850 was enacted in 1973 and was intended to codify the law in Oregon with regard to the effect of a conveyance of real property by a warranty deed in the statutory form. Leach v. Gunnarson, 290 Or. 37-38, 619 P.2d 263, 267 (1980). ORS 93.850 requires a "grantor who covenants against encumbrances in a warranty deed to be liable to the grantee if the real property, as of the date of the deed, is encumbered by any interest not expressly excluded from the scope of the covenant against encumbrances." Leach at 39. The term encumbrance as used in ORS 93.850 "generally means 'any right to or interest in the land, subsisting in a third person, to the diminution of the value of the land, though consistent with the passing of the fee by conveyance'." Id. (internal citations omitted).

To the extent that it is applicable, ORS 93.850 estops Plaintiff from denying that she had title at the time of the warranty deed; she is not doing that here, but rather asserting an interest constructively known to the lender at the time it took its security interest. Moreover, the encumbrances subject to a grantor's covenants must "subsist[] in a *third person* to the diminution of the value of the land." This is consistent with Webb v. Stewart, 255 Or. 523: when a grantor remains in possession, her warranty deed does not operate as a covenant against her own claim of interest, at least to the extent that a subsequent buyer or lender is on notice. Finally, a seller's duty under a statutory warranty deed runs to the *grantee* and the *grantee's successors* (i.e. holders of fee title through the grantee). ORS 93.850(2)(c). The Plaintiff does not have any direct duty to Defendants herein.

In their Response, Defendants also argue that Mr. Kennedy made certain covenants in the Trust Deed he conveyed to Defendant which estop him from asserting that there was an unrecorded encumbrance on the Property. That may or may not be so, but that is between Defendants and Mr. Kennedy and has no effect on Defendants' constructive notice of Ms. Schoor's leasehold interest. It certainly does not prevent Mr. Kennedy from acting as a witness in this proceeding or filing a declaration on Ms. Schoor's behalf.

// // //

Page 8 - MEMORANDUM OPINION

Defendants' Answers contain a number of affirmative defenses to which they did not refer in their Response to the Plaintiff's motion for summary judgment. The Plaintiff's memorandum filed with her motion for summary judgment provides argument as to why each of the Defendants' affirmative defenses fail given the record in this case. To the extent that they have not been waived by Defendants' failure to address them and have not already been dealt with in this memorandum, I find that the affirmative defenses are without merit.

## CONCLUSION

Defendants had constructive notice of Plaintiff's prior leasehold interest in the Property at the time that Mr. Kennedy conveyed an interest to CitiMortgage's predecessor in interest by deed of trust. Defendant CitiMortgage therefore cannot claim the status of a BFP with respect to Plaintiff's leasehold interest. In any foreclosure by Defendants, the sale of the property must be made <u>subject to</u> the leasehold interest of Plaintiff. The court will enter an order consistent with this Memorandum Opinion.

FRANK R. ALLEY, III
Chief Bankruptcy Judge